```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

TERESA TIPTON,                    )
                                  )
     Plaintiff,                   )
                                  )
v.                                )   No. 04-2942 Ml/An
                                  )
ANSWERING MEMPHIS,                )
                                  )
     Defendant.                   )
_____

              ORDER DENYING DEFENDANT'S MOTION TO DISMISS
_____
```

Before the Court is Defendant's Motion to Dismiss, filed October 6, 2005.  Plaintiff responded in opposition to the motion to dismiss and filed an Amended Complaint on November 22, 2005.  Defendant filed a reply to Plaintiff's response on December 15, 2005.  For the following reasons, the Court DENIES Defendant's motion to dismiss.

Plaintiff's original Complaint in this case, filed November 18, 2004, alleges that Defendant terminated Plaintiff's employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964.  Specifically, Plaintiff alleges that Defendant discriminated against her on or about February 11, 2004, and that she filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about February 13, 2004.  (Compl. ¶ 1, 5, 7.)  According to Plaintiff's original Complaint, the EEOC issued a Notice of Right to Sue, "which was received by Plaintiff on or about August 18, 2004."  (Id. ¶ 8.)

Defendant moved to dismiss Plaintiff's Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) on October 6, 2005. Defendant contends that Plaintiff failed to file her Complaint prior to the expiration of the applicable statute of limitations. A Title VII plaintiff must file a civil action within ninety days of her receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); <u>Seay v. Tennessee Valley Authority</u>, 339 F.3d 454, 469 (6th Cir. 2003); <u>Peete v. Am. Standard Graphic</u>, 885 F.2d 331, 331 (6th Cir. 1989)("2000e-5(f)(1) requires that a complaint be filed within ninety days after the right-to-sue notice is actually <u>received</u>.")(emphasis in original). Defendant notes that Plaintiff's Complaint states that she received her Notice of Right to Sue on August 18, 2004, and that Plaintiff did not file her Complaint until November 18, 2004, ninety-two days later. (Def.'s Mem. Law Supp. Mot. Dismiss Compl. 2.) Therefore, Defendant argues, Plaintiff failed to timely file her Complaint within the ninety-day time period, and her complaint must be dismissed.

On November 22, 2005, after Defendant filed its motion to dismiss, Plaintiff filed an Amended Complaint which states that the EEOC notice of right-to-sue letter, "signed by Danny G. Harter, Acting Director, states that the notice was mailed on August 18, 2004." (Am. Compl. ¶ 8(a).)[1] Plaintiff's Response to Motion to Dismiss, filed the same day, argues that Defendant's

---

[1] In its reply to Plaintiff's response, Defendant urges the Court to disregard Plaintiff's response because it was not timely filed within thirty days of service of Defendant's motion. In its discretion, the Court declines to do so.

motion to dismiss should be denied because under Federal Rules of Civil Procedure 5(b) and 6(e), Plaintiff had three days after the notice was mailed before the ninety-day clock started to run.[2] According to Plaintiff, because she "filed her Complaint on November 18, 2004, it was filed 89 days after receipt of the Notice, therefore, it was filed before the 90 days expired." (Mem. Supp. Resp. Def.'s Mot. Dismiss 2.)

In its reply, Defendant argues that the Federal Rules of Civil Procedure do not operate to extend the time period for filing suit under Title VII.  Moreover, nothing in Plaintiff's Amended Complaint—which states that the EEOC notice was mailed on August 18, 2004—alters Plaintiff's earlier assertion that she <u>received</u> the notice on August 18, 2004.  Since more than ninety days passed between Plaintiff's receipt of the notice and the filing of her Complaint, Defendant argues, Plaintiff's Complaint must be dismissed as untimely.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, <u>Saylor v. Parker Seal Co.</u>, 975 F.2d 252, 254

---

[2] Federal Rule of Civil Procedure 5(b)(2)(B) provides that service by mail is complete upon mailing, and Rule 6(e) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B) . . ., 3 days shall be added to the prescribed period."  Fed. R. Civ. P. 5(b)(2)(B), 6(e).

(6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

    In this case, the Court finds Plaintiff's reliance on Fed. R. Civ. P. 6(e) to be misplaced.  See <u>Peete v. Am. Standard Graphic</u>, 885 F.2d 331, 331–32 (6th Cir. 1989)(holding that Fed. R. Civ. P. 6(e) does not "extend[] the statutory ninety-day period within which suit must be brought under Title VII, 42 U.S.C. § 2000e-5(f)(1), by three days where, as is the usual practice, the right-to-sue letter is mailed to the plaintiff"). In light of the standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), however, the Court must construe Plaintiff's Amended Complaint to mean that the EEOC notice was mailed, but not received, on August 18, 2004, thereby leaving open the possibility that Plaintiff filed her Complaint within the ninety-day period required under 42 U.S.C. § 2000e-5(f)(1).  Drawing this inference in Plaintiff's favor, as the Court must, it is thus not "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  <u>Sinay v. Lamson & Sessions Co.</u>, 948 F.2d 1037, 1039–40 (6th Cir. 1991)(quoting

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  Accordingly, Defendant's motion to dismiss is DENIED.

So ORDERED this 17th day of January, 2006.

                                         /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE